UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORLANDO SANCHEZ DE TAGLE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>Defendant. | Case No. 26-cv-00193-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE;**<br><br>**REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

On January 7, 2026, plaintiff Orlando Sanchez de Tagle,[1] who is representing himself, filed a complaint against the Santa Clara County Department of Child Support Services ("DCSS") pursuant to 42 U.S.C. § 1983, alleging a violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 701. Dkt. No. 1. Mr. Sanchez de Tagle also filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2. On January 23, 2026, the Court granted Mr. Sanchez de Tagle's IFP application but found his complaint failed to state a claim for relief or a basis for the exercise of subject matter jurisdiction. Dkt. No. 5. The Court gave Mr. Sanchez de Tagle an opportunity to amend his complaint. *Id.* On February 23, 2026, Mr. Sanchez de Tagle filed an amended complaint, again asserting a single claim for violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 701. Dkt. No. 8.

For the reasons discussed below, the Court finds that Mr. Sanchez de Tagle's amended complaint fails to state a claim for relief or a basis for the exercise of subject matter jurisdiction and is subject to dismissal under 28 U.S.C. § 1915(e). As not all parties have consented to

---

[1] Mr. Sanchez de Tagle has filed several actions in this District variously using the names Orlando Sanchez de Tagle or Austin de Tagle.

magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Court orders that this case be reassigned to a district judge for disposition. The Court further recommends that the amended complaint be dismissed without leave to amend.

## REPORT AND RECOMMENDATION

### I.   MR. SANCHEZ DE TAGLE'S AMENDED CLAIMS

The factual allegations in the amended complaint do not differ significantly from those of the original complaint. *Compare* Dkt. No. 1 *with* Dkt. No. 8. As in the original complaint, the allegations in the amended complaint principally concern Mr. Sanchez de Tagle's objections to a child support order entered by a state court. Mr. Sanchez de Tagle alleges that on December 12, 2023, Judge Cindy Hendrickson ordered him to pay child support in a state court proceeding. Dkt. No. 8 ¶¶ 8, 9. He alleges that he receives monthly benefit payments from Veterans Affairs as military compensation. *Id.* ¶ 33. Mr. Sanchez de Tagle further alleges that on May 5, 2025, he used his "military compensation benefits in the amount of $10.27 . . . to pay child support ordered against [him]." *Id.* ¶ 38.

In the amended complaint, Mr. Sanchez de Tagle elaborates on his claims, alleging that he suffers from mental health disabilities and that Judge Hendrickson discriminated against him based on his disabilities. *Id.* ¶¶ 17-19, 21-28, 40-42. In addition, he claims he has "been denied [benefiting] from the military compensation benefits [he] receive[s] monthly." *Id.* ¶ 43. Mr. Sanchez de Tagle further contends that the child support order violates his "parental rights under the 14th [A]mendment," which protects "all right[s] to decisions inside the home including child rearing decisions." *Id.* ¶¶ 29, 30. Mr. Sanchez de Tagle alleges that "this situation" is "making [his] life difficult" and "causing unwanted stress in [his] life." *Id.* ¶¶ 46, 47.

The amended complaint asserts one claim under § 504 of the Rehabilitation Act, 29 U.S.C. § 701, and seeks damages in the amount of $30 million. *Id.* at 5-6.

### II.   LEGAL STANDARD

While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 12(b)(6). A complaint must include

2

facts that are "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* As a threshold matter, the Court must examine whether it has jurisdiction over the claims alleged before considering whether the complaint states any claims on which relief may be granted. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

## III.   REVIEW OF AMENDED COMPLAINT

Mr. Sanchez de Tagle invokes the Court's subject matter jurisdiction based on his assertion that his sole claim for relief arises under federal law. Dkt. No. 8 ¶ 1 (citing § 504 of the Rehabilitation Act, 29 U.S.C. § 701).

### A.   Subject Matter Jurisdiction

As explained in the January 23, 2026 screening order, the allegations in the amended complaint appear to have nothing to do with the Rehabilitation Act but rather principally concern Mr. Sanchez de Tagle's objections to a child support order entered by a state court. To the extent Mr. Sanchez de Tagle challenges the correctness of the underlying child support order and seeks relief from that order, his claim against DCSS is barred by the *Rooker-Feldman* doctrine.

Federal district courts may not review the final determinations of state courts. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). As the Ninth Circuit has explained:

> The *Rooker–Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments. . . . Essentially, the doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments. . . . Absent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment.

*Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (citations omitted). Thus, where a plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The *Rooker-Feldman* doctrine applies even when the state court judgment is not issued by the highest state court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986).

Mr. Sanchez de Tagle alleges that he cannot afford to pay child support from the federal benefits he receives,[2] the state court erred in ordering him to pay child support, and DCSS "acted in bad faith and gross misjudgment" by enforcing the child support order. Dkt. No. 8 ¶¶ 9, 11, 34, 35, 44. In order to adjudicate Mr. Sanchez de Tagle's claim, the Court would have to determine whether the state court correctly entered judgment against Mr. Sanchez de Tagle with respect to the child support ordered. This is precisely the type of case that is barred by the *Rooker-Feldman* doctrine. *See, e.g., Zatta v. Eldred*, 840 F. App'x 266, 266 (9th Cir. 2021) (affirming dismissal of § 1983 action arising from state court child support case under the *Rooker-Feldman* doctrine because the action was a "de facto appeal" of a California state court decision); *Nemcik v. Mills*, No. 16-cv-00322-BLF, 2016 WL 4364917, at *8 (N.D. Cal. Aug. 16, 2016) (granting DCSS's motion to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the action sought review of a child support ordered entered by a state court); *Richards v. Cnty. of Los Angeles*, No. 17-cv-0400-PSG-AGRX, 2017 WL 7410985, at *6-8 (C.D. Cal. Oct. 20, 2017) (dismissing case where "the crux of the allegations [were] inextricably intertwined with

---

[2] The amended complaint includes a cursory allegation that Mr. Sanchez de Tagle has "been denied [benefiting] from the military compensation benefits" that he receives on a monthly basis. Dkt. No. 8 ¶ 43. To the extent Mr. Sanchez de Tagle contends that garnishment of his military compensation benefits is unlawful, the Child Support Enforcement Act provides that military compensation benefits are subject to garnishment for child support. *Rose v. Rose*, 481 U.S. 619, 634 (1987) (citing 42 U.S.C. § 659(a)).

United States District Court
Northern District of California

the state court findings" and plaintiff sought relief from his obligation to pay child support in both state and federal cases), *aff'd*, 723 F. App'x 556 (9th Cir. 2018).

Accordingly, the Court concludes Mr. Sanchez de Tagle's claim against DCSS must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

**B.      Rehabilitation Act**

In addition, the amended complaint fails to plausibly allege a claim for violation of the Rehabilitation Act.  The Rehabilitation Act prohibits discrimination in federally-funded programs and provides, in relevant part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]"  29 U.S.C. § 794(a).  To state a claim for violation of § 504 of the Rehabilitation Act, a plaintiff must plausibly allege that (1) he is an "individual with a disability"; (2) he is "otherwise qualified" to receive the benefit of a program or activity; (3) he was denied the benefits of the program or activity solely by reason of his disability; and (4) the program or activity receives federal financial assistance.  *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (cleaned up).

Even assuming, without deciding, that the amended complaint sufficiently alleges that Mr. Sanchez de Tagle is an "individual with a disability" within the meaning of the statute, the Court concludes that the amended complaint does not plausibly allege that Mr. Sanchez de Tagle is otherwise qualified to receive a benefit from a particular program or activity, that DCSS denied him any such benefit based on his disability, or that the program or activity receives financial assistance.  Mr. Sanchez de Tagle alleges essentially that DCSS is enforcing a state court order that requires him to pay child support that he cannot afford.  These allegations do not state a claim against DCSS for any violation of § 504 of the Rehabilitation Act.  *See Isbell v. Okla. Dep't of Hum. Servs.*, 787 F. App'x 451, 451-52 (9th Cir. 2019) (affirming dismissal of Rehabilitation Act claim challenging enforcement of state court child support orders for failure to state a claim).

**C.      Americans with Disabilities Act**

The amended complaint also alleges that the child support order is an "undue hardship" on

United States District Court
Northern District of California

Mr. Sanchez de Tagle in violation of the Americans with Disabilities Act ("ADA"). *See* Dkt. No. 8 ¶¶ 27, 34, 38. The Court liberally construes the amended complaint as an attempt to plead violations under Titles I and II of the ADA. *See id.*

Title I of the ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Even assuming, without deciding, that Mr. Sanchez de Tagle is a "qualified individual" for purposes of stating a Title I ADA claim, the amended complaint indicates that Mr. Sanchez de Tagle's ADA claim has nothing to do with "job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Id*.

Title II of the ADA prohibits disability discrimination in public services and programs by public entities, and provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similar to § 504 of the Rehabilitation Act, to state a claim for violation of Title II, a plaintiff must plead facts showing that (1) he is a "qualified individual with a disability"; (2) he was excluded from participation in or denied the benefits of a public entity's services, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *See Weinreich*, 114 F.3d at 978 ("Title II of the ADA was expressly modeled after Section 504 of the Rehabilitation Act . . . ."). The amended complaint does not plausibly state a claim under Title II of the ADA because it does not allege facts identifying any public services that DCSS reportedly excluded Mr. Sanchez de Tagle from, or deprived him of, "by reason of" his claimed disabilities. Moreover, "monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent." *Oxley v. Mardigal*, No. 23-cv-02371 BLF (PR), 2023 WL 6165711, at *4 (N.D. Cal. Sept. 21, 2023) (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998)).

Accordingly, the Court concludes that the amended complaint alleges no facts that could

United States District Court
Northern District of California

6

plausibly support a claim for disability discrimination under Titles I or II of the ADA.

**D.      Fourteenth Amendment**

The amended complaint further alleges that the child support order violates Mr. Sanchez de Tagle's "parental rights under the 14th [A]mendment." *See* Dkt. No. 8 ¶¶ 29-32.  Mr. Sanchez de Tagle contends that state child support statutes "remove[] all rights of fatherhood for independent self-determination protected by the U.S. Constitution" and that "[h]ow much money a parent spends for the care and maintenance of their child is a parenting decision and is a constitutionally guaranteed right." *Id.* ¶¶ 30-31.  Liberally construing these allegations, the Court infers that Mr. Sanchez de Tagle means to refer to the "interest of parents in the care, custody, and control of their children" and "freedom of personal choice in matters of family life" protected by the substantive component of the Fourteenth Amendment's due process clause.  *See Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982).  "To amount to a violation of substantive due process, . . . the harmful conduct must 'shock the conscience' or 'offend the community's sense of fair play and decency.'" *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952)) (cleaned up).

The facts alleged in Mr. Sanchez de Tagle's amended complaint do not describe conduct that meets this standard.  Rather, the amended complaint refers to a state court order that requires Mr. Sanchez de Tagle to pay child support.  The state has a strong interest in ensuring that parents support their children.  *See Eunique v. Powell*, 302 F.3d 971, 974 (9th Cir. 2002) ("There can be no doubt that the failure of parents to support their children is recognized by our society as a serious offense against morals and welfare."); *Matter of Reynolds*, 726 F.2d 1420, 1423 (9th Cir. 1984) ("The obligation of parents to support their children is a matter of paramount social concern.").  As Mr. Sanchez de Tagle is well aware, his allegations do not support a claim under the Fourteenth Amendment's substantive due process clause.  *See de Tagle v. Super. Ct. of Cal. for Cnty. of Santa Clara*, No. 24-cv-00041-VKD, 2024 WL 3379654, at *3 (N.D. Cal. Jan. 29, 2024).

For these reasons, the Court cannot reasonably infer from the amended complaint's allegations that DCSS is liable for any violation of the Fourteenth Amendment's substantive due

United States District Court
Northern District of California

7

process clause.

## IV.     CONCLUSION

Mr. Sanchez de Tagle has already been given one opportunity to amend his complaint. In addition, he was previously advised that "if the amended complaint fails to cure the defects described in [the January 23, 2026 screening order], the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in whole or in part." Dkt. No. 5 at 2. The January 23, 2026 screening order also noted that Mr. Sanchez de Tagle has filed several actions in this District challenging state court orders concerning child custody and/or child support, all of which have been dismissed. *See id.* at 6 (collecting cases). As discussed above, the allegations in the amended complaint fail to state a plausible claim for relief or a basis for the Court to exercise subject matter jurisdiction, and the Court finds no basis to conclude that there are additional facts that could be alleged on a further amendment to cure the deficiencies identified above.

Accordingly, the Court recommends that the amended complaint be dismissed without further leave to amend.

Because not all parties have consented to magistrate judge jurisdiction, it is ordered that this case be reassigned to a district judge.

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: March 4, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

8